1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ARSHPREET SINGH,                       No. 1:25-cv-01543-DCJ-SCR

12              Plaintiff,

13  v.                                     ORDER

14  TONYA ANDREWS, et al.,

15

16              Defendants.

17

18          On November 19, 2025, the Court granted in part Petitioner's Motion for

19  Temporary Restraining Order and directed Respondents to provide Petitioner with a

20  constitutionally adequate bond hearing before an Immigration Judge within five days.

21  (ECF No. 20.)  The Court also ordered Respondents to file a status report confirming

22  whether the hearing was held and the outcome of the hearing and to show cause as to

23  why a preliminary injunction should not issue on the same terms as the Order.  (*See*

24  *id.*)  On November 25, 205, Respondents filed a Response.  (Resp. (ECF No. 21).)

25  Petitioner did not file a Reply.

26          In their Response, Respondents confirmed that Petitioner received a timely

27  bond hearing and that he was released from custody under a $5,000 bond.  (Resp. at

28  2; Order Immigr. Judge (ECF No. 9-1), Ex. 2.)  Petitioner was also directed to report

1

1    any change in address within five days of moving.  (*See* Order Immigr. Judge.)

2    Respondents further provide three arguments explaining why the preliminary

3    injunction should not issue: first, that the petition for habeas corpus is now moot

4    because Petitioner received the relief he requested; second, that the petition should

5    be dismissed because Petitioner failed to exhaust administrative remedies; and third,

6    that denial of the petition is appropriate because Petitioner is governed by 8 U.S.C.

7    § 1225(b)(2), which requires mandatory detention.[1]  (*See generally* Resp.)

8    **I.  Mootness**

9         The Court does not agree that the petition for habeas corpus is now moot.  In

10   the prayer for relief section of the petition, for example, Petitioner seeks additional

11   relief including "direct[ing] Respondents to pursue a constitutionally adequate

12   process before taking any adverse immigration actions against [him][.]"  (Pet. at 26.)

13   The party asserting mootness has a "heavy burden of persuading the court that the

14   challenged conduct cannot reasonably be expected to start up again."  *United Farm*

15   *Workers v. Noem*, 785 F. Supp. 3d 672, 736 (E.D. Cal. 2025) (cleaned up and quoting

16   *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018).  The Supreme Court has repeatedly

17   indicated that "a defendant cannot automatically moot a case simply by ending its

18   unlawful conduct once sued."  *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91

19   (2013)).  In *United States v. W.T. Grant Co.*, the Supreme Court indicated that to

20   evaluate mootness, one factor may be a defendant's profession to discontinue the

21   wrongful conduct.  345 U.S. 629, 633 (1953).

22        Crucially, the government has not professed to discontinue detention.  While

23   Petitioner's particular request to be provided with a bond hearing has likely been

24   rendered moot, as explained above, on account of the government's compliance with

25   the Court's Order granting in part the Motion for Temporary Restraining Order,

26   Petitioner remains at risk of re-detention given the government's steadfast position

27

28

---

[1]  Because the Court addressed the statutory claims in the Order granting in part the Motion for Temporary Restraining Order, it will not revisit those arguments here.

1  that he is an "applicant for admission" subject to mandatory detention under

2  § 1225(b)(2).  (*See* Resp. at 5–6.)  Thus, the issues presented in the petition and related

3  requests for relief remain live, and the government fails to carry its "heavy burden" to

4  establish "it is *absolutely* clear that the allegedly wrongful behavior could not

5  reasonably be expected to recur."  *United Farm Workers*, 785 F. Supp. 3d at 739

6  (quoting *Fikre*, 904 F.3d at 1037 (emphasis in original)).

7  **II. Administrative Exhaustion**

8       Nor is Petitioner required to demonstrate administrative exhaustion.  The

9  federal habeas statute under which this case was filed does not require exhaustion of

10  administrative remedies.  *Compare* 28 U.S.C. § 2241 *with* 28 U.S.C. § 2254(b)(1)(A)

11  (requiring exhaustion of state court remedies).  Courts may require exhaustion as a

12  prudential matter when "(1) agency expertise makes agency consideration necessary

13  to generate a proper record and reach a proper decision; (2) relaxation of the

14  requirement would encourage the deliberate bypass of the administrative scheme;

15  and (3) administrative review is likely to allow the agency to correct its own mistakes

16  and to preclude the need for judicial review."  *Noriega-Lopez v. Ashcroft*, 335 F.3d

17  874, 881 (9th Cir. 2003) (citation omitted).  The exhaustion requirement may be

18  waived if "administrative remedies are inadequate or not efficacious, pursuit of

19  administrative remedies would be a futile gesture, irreparable injury will result, or the

20  administrative proceedings would be void."  *Hernandez v. Sessions*, 872 F.3d 976, 988

21  (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

22       Relief is appropriate here because pursuit of administrative remedies would

23  almost certainly be futile given the BIA's recent holding that all noncitizens detained in

24  the United States without admission are "seeking admission" for purposes of 8 U.S.C.

25  § 1225(b)(2)(A) and must be detained.  *Matter of Yajure Hurtado*, 29 I&N Dec. 216

26  (B.I.A. 2025).  In light of the statutory analysis provided in the Order granting in part

27  the Motion for Temporary Restraining Order, the Court finds the BIA's decision in

28  *Matter of Yajure Hurtado* unpersuasive.

**CONCLUSION**

For the above-described reasons in addition to the Court's analysis provided in the order granting a temporary restraining order, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Preliminary Injunction (ECF No. 3) is GRANTED.

2. Having provided Petitioner a constitutionally adequate bond hearing and facilitating his release on bond, Respondents shall not impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a pre-deprivation hearing before neutral arbiter pursuant to section 1226(a) and its implementing regulations.

3. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:   **December 8, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8–Singh.25cv1543.PI