UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARSHPREET SINGH, (A246-257-739),

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:25-cv-01543-DJC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner was, at the time this case was filed, a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241 raising a Fifth Amendment due process challenge to his re-detention without a pre-deprivation hearing and continued detention by Immigration and Customs Enforcement ("ICE"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The district court ordered, by way of preliminary injunctive relief, Petitioner's release and that Petitioner not be redetained by immigration officials absent certain constitutional protections. ECF Nos. 20, 22. More recently, the Court directed the parties "to submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved[.]" ECF No. 23. No party made a further filing. The Court considers the matter submitted on the parties' earlier briefing.

**II. Analysis**

To the extent that Respondents move to dismiss the § 2241 petition as moot based on Petitioner's release on bond, the undersigned rejects that argument. See L.S. v. Santacruz, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process."). Therefore, the pending § 2241 petition is not moot. To the extent that Respondents move to dismiss the § 2241 based on Petitioner's failure to exhaust his argument that he is subject to detention under § 1226, the undersigned finds exhaustion should be excused here. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)) ("The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."). Accordingly, the undersigned recommends Respondents' motion to dismiss (ECF No. 21) be denied.

For the reasons indicated in the Court's orders granting a temporary restraining order and preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted based on the violation of Petitioner's Fifth Amendment right to due process.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only.

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The preliminary injunctive relief previously granted be made permanent.

4. Respondents' motion to dismiss (ECF No. 21) be denied.

5. All other pending motions, if any, be denied as moot.

6. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. <u>See</u> <u>United States v. Barney</u>, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); <u>see</u> <u>also</u> Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE